UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **RONALD REDMOND** | **CIVIL ACTION NO. 24-1787** |
| **VERSUS** | **JUDGE EDWARDS** |
| **CIPRIANO CASTANEDA ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## MEMORANDUM ORDER

Before the Court is a Motion to Remand filed by Ronald Redmond ("Plaintiff").[1] Cipriano Castaneda, Wal-Mart Transportation, LLC, and National Union Fire Insurance Company of Pittsburgh, PA ("Defendants") oppose the Motion.[2] Plaintiff thereafter replied.[3]

After considering the parties' memoranda and the applicable law, Plaintiff's Motion to Remand is **DENIED**.

## BACKGROUND

The suit arises out of a motor vehicle accident occurring on or about September 7, 2023, in Dry Prong, Louisiana.[4] Plaintiff alleges that Cipriano Castaneda caused a collision when he struck Plaintiff's vehicle while Plaintiff was turning left.[5] Plaintiff filed suit on January 11, 2024, in the 35th Judicial District Court of Louisiana alleging that Defendants were negligent and caused Plaintiff's injuries.[6]

---

[1] R. Doc. 11.
[2] R. Doc. 22.
[3] R. Doc. 26.
[4] R. Doc. 1-2 at 4.
[5] *Id*.
[6] *Id*. at 1, 4–7.

Within his Petition for Damages, Plaintiff did not plead any specific amount of monetary damages as directed by Louisiana Law.[7] Defendants removed the case to this Court on December 24, 2024, based on diversity jurisdiction.[8] Defendants' basis for removal derived from "[P]laintiff's responses to Interrogatories," wherein "Plaintiff admitted, for the first time, that he is seeking damages in this lawsuit in excess of $75,000."[9] Defendants contend that Plaintiff's response to discovery constituted an "other paper" that triggered the 30–day removal period under 28 U.S.C. § 1446(b).[10]

## LAW AND ANALYSIS

Under 28 U.S.C. § 1441(a), a defendant may remove any civil action in state court if the federal district court would have original jurisdiction. Diversity jurisdiction exists if plaintiffs and defendants are completely diverse, and the amount in controversy exceeds $75,000.[11] To remove a case to federal court, a defendant must file a notice of removal within 30 days after the receipt of a copy of the initial pleading.[12] However, if the initial pleading does not warrant removal, "a notice of removal may be filed within 30 days after receipt by the defendant … of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is … or has become removable."[13] Thus, to timely remove,

---

[7] *See id.* at 1–7; *see also* La. Code Civ. Proc. Ann. art. 893(A)(1) ("No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand.").
[8] R. Doc. 1 at 5.
[9] *Id.* at 3.
[10] *See id.* at 3; R. Doc. 22 at 7.
[11] *See* 28 U.S.C. § 1332(a).
[12] 28 U.S.C. § 1446(b).
[13] 28 U.S.C. § 1446(b)(3).

a defendant has 30 days to file a notice of removable from the moment it becomes ascertainable that the case is removable.

The issue in this case revolves around the "other paper" that put defendant on notice that the case was removable. Plaintiff argues that three email correspondences from Plaintiff's counsel to counsel for Defendants "trigger[ed] the thirty (30) day period for removing the case."[14] The first correspondence was sent on April 2, 2024, which informed Defendants that Plaintiff's medical provider recommended "right shoulder surgery."[15] The email further indicated that Plaintiff intended to proceed with the procedure.[16] The second correspondence was sent on October 8, 2024, informing Defendants that the surgery was scheduled for November 4, 2024.[17] The last correspondence, which included an invoice from Orthopaedic Reconstructive Sub-Specialist, LLC in the amount of $16,480, was sent on November 15, 2024.[18] Plaintiff contends that "Defendants should have ascertained damages of more than $75,000 upon receipt of any of the[se] communications," which , at the latest, would have made December 15, 2024 the deadline for removal.[19]

Defendants, however, argue that the email correspondences did not trigger the 30–day removal period.[20] Defendants reason that the invoice itself only amounted to

---

[14] R. Doc. 11-1 at 2. The parties do not dispute that Plaintiff's petition did not affirmatively establish an amount in controversy exceeding $75,000.
[15] R. Doc. 11-2 at 1.
[16] *Id.*
[17] R. Doc. 11-3 at 1.
[18] R. Docs. 11-4 & 11-5. In his Motion, Plaintiff alleges that this invoice failed to detail an additional $20,951.96 in medical costs. R. Doc. 11-1 at 2.
[19] R. Doc. 11-1 at 2.
[20] R. Doc. 22 at 7.

$16,480, a sum well below the threshold of $75,000.[21] Defendants assert that the other paper that triggered the 30–day removal period was Plaintiff's discovery responses received by Defendants on November 25, 2024.[22] The Court agrees.

"To qualify as an 'other paper' [sufficient to trigger removal,] the discovery response must be 'unequivocally clear and certain,' so that defendant may ascertain the action's removability."[23] Since the paper triggering removal must be "unequivocally clear," a defendant is not required "to analyze and dissect medical treatment records to divine whether the nature and cause of a plaintiff's injuries satisfy the amount in controversy."[24]

As of November 15, 2024, Defendants were on notice that Plaintiff underwent shoulder surgery costing $16,480.[25] Based on this information alone, it could not have been "unequivocally clear" to Defendants that the case was removable. Defendants could also not have ascertained from the correspondences notifying them of Plaintiff's surgical recommendation and intent to have surgery that the case was removable.

---

[21] *Id.* Defendants correctly contend that the invoice and the new allegations of medical costs still do not exceed $75,000.
[22] *Id.*
[23] *Cole ex rel. Ellis v. Knowledge Learning Corp.*, 416 F. App'x 437, 440 (5th Cir. 2011) (citing *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002)); *see also Blasingame Blasingame v. State Farm Mut. Auto. Ins. Co.*, No. 6:24-CV-00779, 2025 WL 322871 (W.D. La. Jan. 13, 2025), *report and recommendation adopted*, No. 6:24-CV-0779, 2025 WL 318110 (W.D. La. Jan. 28, 2025) (holding that medical records of 278 chiropractic care visits failed to make the grounds for removal unequivocally clear and certain); *see Smith v. Wal-Mart La., LLC*, 2013 WL 4781778 (W.D.; 4781778 (W.D. La. Sept. 5, 2013) (holding that a cervical disc surgery without a specific damage estimate in excess of $75,000 did not trigger the 30–day removal period); *see Nelsen v. Garrison Prop. & Cas. Ins. Co.*, No. CV 23-2179, 2023 WL 5844754, at *4 (E.D. La. Spt. 11, 2023) (holding that $46,650 in medical expenses from a VIA Disc procedure, among other medical treatments, could not trigger the 30–day removal period).
[24] *Brass v. Wal-Mart Louisiana, L.L.C.*, No. CV 3:22-06146, 2023 WL 2804776, at *3 (W.D. La. Mar. 21, 2023), *report and recommendation adopted*, No. CV 3:22-06146, 2023 WL 2802236 (W.D. La. Apr. 5, 2023).
[25] R. Doc. 11-5.

The only "other paper" that "unequivocally" evidenced potential damages exceeding $75,000 was Plaintiff's response to Defendant's Request for Admission, wherein Plaintiff denied that the total amount of his damages was equal to or less than $75,000.[26] Thus, November 25, 2024, the date Defendants received these discovery responses, was the operative date that triggered the 30–day removal period under 28 U.S.C. § 1446. Accordingly, the Court finds that defendants timely removed this case within the 30–day time period as governed by 28 U.S.C. § 1446.

## CONCLUSION

Considering the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Remand (R. Doc. 11) is **DENIED**.

**THUS DONE AND SIGNED** in Chambers this 30th day of October, 2025.

_____
JERRY EDWARDS, JR.
UNITED STATES DISTRICT JUDGE

---

[26] R. Doc. 1-4 at 13. Defendant's Notice of Removal mistakenly states that Plaintiff admitted that his damages exceeded $75,000 in response to interrogatories.